KARINA HAZIM, PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7461–79.     Filed March 14, 1984.

---

*Edward I. Friedman* and Sheldon I. Raphael (specially recognized), for the petitioner.

*Michael A. Menillo,* for the respondent.

OPINION

SIMPSON, *Judge*: This matter is before the Court on the petitioner's motion to vacate an order of dismissal pursuant to Rule 123, Tax Court Rules of Practice and Procedure.[1] The sole issue raised by the motion is whether such motion meets the requirements of Rule 123(c). At the conclusion of the hearing on such motion, the Court took this matter under advisement.

The Commissioner determined a deficiency of $185,074 in the Federal income tax of Fuhed and Karina Hazim, husband and wife, for 1975 and an addition to tax for the same year under section 6653(b) of the Internal Revenue Code of 1954[2] of $92,537. The Commissioner sent a notice of deficiency to Fuhed and Karina Hazim on March 2, 1979. On June 4, 1979, Karina Hazim filed an imperfect petition with this Court. Such petition was postmarked May 30, 1979, and thus was timely filed under section 7502. Gurson L. Schweller, as attorney for the petitioner, signed the petition. It was not signed by Mrs. Hazim, nor was the required filing fee paid. Mr. Schweller was not admitted to practice before this Court.

Because the petition was not signed by the taxpayer or by an authorized representative who was admitted to practice before the Tax Court, this Court, on June 6, 1979, entered an order directing the petitioner, Mrs. Hazim, to file a proper amended petition and to pay the filing fee on or before August 6, 1979. The petitioner did not file any response to the Court's order, and on September 4, 1979, the Court entered an order of dismissal for lack of jurisdiction.

On March 31, 1983, Mrs. Hazim filed a motion with this Court requesting leave to file a motion to vacate the order of dismissal for lack of jurisdiction. The motion for leave was

---

[1] Any reference to a Rule is to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

granted, and on April 13, 1983, the petitioner filed the motion to vacate.

In her imperfect petition, the petitioner alleged that the Commissioner in his notice of deficiency erred in asserting that $382,917 was includable in Mr. and Mrs. Hazim's income. She stated that to the best of her knowledge, such amount constituted gross income which should be offset by expenses incurred by her husband in his business. The petitioner also asserted that she should be relieved of liability pursuant to section 6013(e) because she was an innocent spouse. In support of such assertion, she stated that she did not, directly or indirectly, benefit from the items omitted from gross income and that, during 1975, she was separated from her husband. If her present motion is successful, the petitioner ultimately seeks to litigate whether she was an innocent spouse.

In her motion to vacate the order of dismissal, the petitioner states that Mr. Schweller, the attorney she retained in 1979 to contest the notice of deficiency, has since retired from the practice of law. She further states that Mr. Schweller did not give her copies of any papers and that when her present counsel contacted Mr. Schweller, they were told by him that he had not retained any records pertaining to the petitioner's imperfect petition. The petitioner also alleges that, although she is able to speak English, it is not her native language and that she has difficulty understanding technical matters. In her motion, the petitioner states that the reason she did not pay more attention to her tax affairs was that she was hospitalized from July until September 7, 1979. She also states that she is still receiving treatment for the same condition. In her motion, the petitioner repeats the allegations made in her original petition that during 1975 she was separated from her husband and that she did not benefit in any way from the additional income. She also alleges that she was not familiar with her husband's business affairs and that she signed the 1975 joint return on the assumption that he had correctly reported his income.

In 1977, the petitioner and Mr. Hazim were divorced. Prior to the filing of the present motion, the Commissioner assessed the deficiency and the addition and began collection proceedings against the petitioner.

In her motion, the petitioner asks the Court to vacate its prior order of dismissal and to allow her to file an amended petition nunc pro tunc to June 6, 1979. As authority for such request, she cites Rule 41(a), which provides for the amendment of pleadings. The petitioner argues that under such Rule she should be allowed to "amend" her original petition and substitute an amended petition that does contain her signature for the imperfect petition that did not. As an alternative to such procedure, the petitioner cites Rule 25(c), which provides for the enlargement or reduction of time periods. She requests the Court, under Rule 25(c), to "exercise its discretion to 'enlarge' the petitioner's time to have signed the petition from the date set in the original order."

Neither procedure suggested by the petitioner can be considered until we first decide whether we can or should set aside the order of dismissal entered in 1979. Rule 123(c) contains the procedure for setting aside a dismissal. Accordingly, we will treat the petitioner's motion as if it were made under Rule 123(c). See *Butler v. Pearson,* 636 F.2d 526, 529 (D.C. Cir. 1980); *United States v. Wissahickon Tool Works, Inc.,* 200 F.2d 936, 938 (2d Cir. 1952).

In opposition to the petitioner's motion, the Commissioner argues that the Tax Court never had jurisdiction of this case. Citing Rule 13 and sections 6212, 6213, and 7502, the Commissioner contends that the Tax Court's jurisdiction is restricted by statute and cannot be enlarged regardless of the equities in a particular case.[3] In addition, the Commissioner, citing *Senate Realty Corp. v. Commissioner,* 511 F.2d 929 (2d Cir. 1975), argues that the motion to vacate comes much too late and that the order of dismissal should not be vacated absent a showing of fraud upon the Court.

Rule 123(c) provides: "For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default or dismissal or the decision rendered thereon."

---

[3]Irrespective of whether we acquired jurisdiction by the filing of the imperfect petition in 1979, we do have jurisdiction to consider the petitioner's present motion and to decide whether we have jurisdiction of the case. This Court is a court of limited jurisdiction. *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,* 35 T.C. 177, 179 (1960). However, we do have jurisdiction to determine if we have jurisdiction (*Brannon's of Shawnee, Inc. v. Commissioner,* 69 T.C. 999, 1002 (1978)), and we do have jurisdiction to entertain a motion to vacate an order of dismissal (*Kraasch v. Commissioner,* 70 T.C. 623 (1978); *Taub v. Commissioner,* 64 T.C. 741 (1975), affd. without published opinion 538 F.2d 314 (2d Cir. 1976)).

This Court has previously recognized that whether to grant a motion under Rule 123(c) is within the sound discretion of the Court. *Kraasch v. Commissioner,* 70 T.C. 623 (1978). However, our jurisdiction to set aside a final decision is limited. As we have previously stated:

As a general rule, a decision of this Court, in the absence of an appeal, becomes final 90 days after it is entered. See secs. 7481 and 7483. The decisions holding that these statutory provisions are absolute (see, e.g., *Lasky v. Commissioner,* 235 F.2d 97 (9th Cir. 1956), affd. per curiam 352 U.S. 1027 (1957)), have been modified to provide that we have jurisdiction to set aside a decision which would otherwise be final where there is "fraud on the court." *Toscano v. Commissioner, supra* [441 F.2d 930 (9th Cir. 1971), vacating 52 T.C. 295 (1969)]; *Kenner v. Commissioner, supra* [387 F.2d 689 (7th Cir. 1968), affg. an unreported order of dismissal of this Court]. Moreover, since the earlier decisions as well as those in *Kenner* and *Toscano* were rendered, this Court has been accorded status under article I of the United States Constitution.

We find nothing in our new status, however, which expands the narrow exception to the general rule of finality of our decisions carved out by *Toscano* and *Kenner.* In those two cases, the Courts of Appeals at most indicated that the same exception which applies to the finality of United States District Court decisions (see rule 60(b) of the Federal Rules of Civil Procedure) governs our decisions, namely, that "fraud on the court" must be "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." See *Kenner v. Commissioner,* 387 F.2d at 689; *Toscano v. Commissioner,* 441 F.2d at 933, quoting 7 Moore, Federal Practice, sec. 60.33 (2d ed.). This same narrowly defined exception has been reiterated by at least one Circuit Court of Appeals in respect of decisions of this Court entered subsequent to the acquisition of article I status. *Senate Realty Corp. v. Commissioner,* 511 F.2d 929 (2d Cir. 1975). [*Taub v. Commissioner,* 64 T.C. 741, 750–751 (1975), affd. without published opinion 538 F.2d 314 (2d Cir. 1976); fn. ref. omitted.][4]

In the present case, a decision was not entered by the Court in 1979 because the Court concluded that it lacked jurisdiction. In relevant part, section 7459(c) and (d) provides:

(c) DATE OF DECISION.—A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court * * * if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in

---

[4]See *Deutsch v. Commissioner,* T.C. Memo. 1975–76.

the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

(d) EFFECT OF DECISION DISMISSING PETITION.—If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

Since the petitioner failed to file a petition duly executed by her or on her behalf, the case was dismissed for lack of jurisdiction, and in accordance with the provisions of section 7459, the effect of the order of dismissal was the same as if the Court had rendered a decision on the date of such order. Generally, section 6213(a) prohibits the Commissioner from assessing any deficiency in income tax during the period in which a petition can be filed with the Tax Court, or if such petition is filed, the Commissioner cannot make his assessment until the decision of the Court becomes final. In other words, a final decision allows the Commissioner to assess and collect a deficiency in tax, and when a case is dismissed for lack of jurisdiction, the order of dismissal has the same effect.

The restrictions on the vacation of a final decision of the Court are designed to avoid undue interference with the assessment and collection procedures. See *Boughner v. Secretary of Health, Education & Welfare, U.S.,* 572 F.2d 976, 977 (3d Cir. 1978); *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir. 1970). The Commissioner is required to send a taxpayer a notice of any deficiency asserted by him, and the taxpayer is given a reasonable opportunity to litigate the claimed deficiency in the Tax Court. After that litigation is completed or after the opportunity to do so has expired, the Commissioner is allowed to proceed to collect his tax. It follows that when a case is dismissed for lack of jurisdiction, the same restrictions should apply to any attempt to vacate such an order.

In the present case, the petitioner has alleged reasons that, if proven, would constitute compelling reasons why she did not respond to the Court's order to file a proper amended petition and pay the filing fee. However, our previous order dismissing the petitioner's petition for lack of jurisdiction has long since become final. The petitioner's motion was not filed "expedi-

tiously" as required by Rule 123(c), and she has not presented us with facts sufficient to support a claim of "fraud on the court." Accordingly, the petitioner's motion to vacate the order of dismissal for lack of jurisdiction will be denied.

*An appropriate order will be issued.*