GERALD D. WARD AND JOAN WARD, DECEASED,
PETITIONERS *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 11510-88.          Filed May 10, 1989.

*Robert Doran Grossman, Jr.,* for the petitioners.
*Terry W. Vincent* and *Marilyn S. Ames,* for the respondent.

## OPINION

FAY, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section

7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case came before the Court on respondent's motion to vacate the Court's order of dismissal for lack of jurisdiction. If respondent's motion to vacate is to be granted, we must then consider petitioners' motion to dismiss for lack of jurisdiction filed May 25, 1988, and respondent's cross-motion to dismiss for lack of jurisdiction lodged September 30, 1988. Additionally, petitioners made an oral motion for litigation costs under section 7430.

*Respondent's Motion to Vacate*

We will first discuss the facts and applicable law with respect to respondent's motion to vacate. The notice of deficiency in this case was issued on November 20, 1986. Respondent determined a deficiency for the taxable year 1981 in the amount of $119,629 as well as additions to tax as follows: section 6653(a)(1) in the amount of $5,981.45, section 6653(a)(2) in an amount equal to 50 percent of the interest payable with respect to the portion of the underpayment attributable to negligence, and section 6659 in the amount of $35,888.70. The notice further determined that there is additional interest due for a substantial underpayment under section 6621(c) (formerly section 6621(d)). The primary adjustment is a disallowed loss claimed from Atlas Mining Joint Venture, a partnership. A petition was filed on May 25, 1988. At the time of filing the petition herein, petitioner Gerald Ward resided at Kingwood, Texas. There is no question that the petition is untimely. Sec. 6213(a).

Simultaneous with the filing of their petition, petitioners also filed a motion to dismiss for lack of jurisdiction. In the motion to dismiss, petitioners allege that the notice of deficiency dated November 20, 1986, was not sent to their last known address. Petitioners further allege that they did not receive the notice and, accordingly, were unable to file a

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

timely petition with this Court. Petitioners' counsel, Robert D. Grossman, Jr., represents petitioners in this case and also represents numerous investors in IRS tax shelter project cases collectively known as "Munro-Shuman," of which Atlas Mining Venture is a part. Attorney Byron Calderon was the "project" attorney for respondent assigned to the Munro-Shuman cases. Attorney Calderon is located in the District Counsel's Office in Austin, Texas.

Attorney Grossman served a copy of petitioners' motion to dismiss for lack of jurisdiction on attorney Calderon by placing a copy in the mail on May 24, 1988. At the time the motion was served, it did not contain a docket number since said motion was served simultaneously with the filing of the petition with the Court. Attorney Calderon received petitioners' motion to dismiss for lack of jurisdiction soon after it was served on him.

The petition was served on the Office of Chief Counsel on May 27, 1988. A new case file was created and forwarded to the Houston District Counsel's Office and received by that office on June 6, 1988. Meanwhile, on June 1, 1988, the Court issued a notice advising respondent of the filing of petitioners' motion to dismiss for lack of jurisdiction. The notice further directed that any objection be filed with the Court on or before June 21, 1988. No notice of objection was filed by respondent. Apparently, the notice was not associated with respondent's legal file, and the attorney to whom the case was assigned was unaware of the notice issued by the Court. On June 30, 1988, the Court issued an order of dismissal for lack of jurisdiction on the ground that the notice of deficiency dated November 20, 1986, was invalid in that it was not mailed to petitioners' at their last known address. The order of dismissal was based upon the allegations in petitioners' motion and the lack of any objection filed by respondent.

After respondent learned of the order of dismissal for lack of jurisdiction, he filed his motion to vacate on July 22, 1988. In his motion, respondent indicates that he was unaware of the filing of petitioners' motion to dismiss and that he has substantial grounds for objecting to said motion.

Although respondent professes to move to vacate our order of dismissal pursuant to Rule 162, "Motion to Vacate or Revise Decision," Rule 123(c) sets forth the procedure for setting aside a dismissal. *Hazim v. Commissioner,* 82 T.C. 471, 474 (1984). We will therefore treat respondent's motion as if it were made under Rule 123(c). *Hazim v. Commissioner, supra.* See also *Butler v. Pearson,* 636 F.2d 526, 529 (D.C. Cir. 1980); *United States v. Wissahickon Tool Works, Inc.,* 200 F.2d 936, 938 (2d Cir. 1952).

Rule 123(c) provides: "For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default or dismissal or the decision rendered thereon." This Court's order of dismissal for lack of jurisdiction was entered and served on June 30, 1988. Respondent filed his motion on July 22, 1988. We therefore find that respondent's motion, filed 22 days after entry of the order dismissing this case, was "expeditiously made."

Granting a motion under Rule 123(c) is within the sound discretion of the Court. *Kraasch v. Commissioner,* 70 T.C. 623, 626 (1978). The circumstances surrounding the filing and granting of petitioners' motion are somewhat unusual. Since the motion was filed at the same time as the petition, it did not contain a docket number. However, since the motion contained a certificate of service reflecting mailing to an attorney in respondent's Austin District Counsel Office, the Court did not serve a copy of the motion on Chief Counsel. As it turned out, respondent's national office initially assigned the case to a District Counsel attorney in Houston who apparently was unaware of the filing of petitioners' motion. Additionally, the notice of filing served by the Court on respondent's counsel apparently did not catch up to, or preceded, the legal file. We are satisfied that under these unusual circumstances the failure of respondent to file an objection was due to inadvertence.

As an additional matter, we note that the decision entered by the Court was not based on the merits of the jurisdictional issue but rather based on the unopposed motion of petitioners. This Court has generally favored allowing a party to have his day in court on the merits of an issue rather than having the case dismissed on a procedural matter. To the extent that the dismissal against

respondent could be considered a sanction for his failure to timely object, we view such sanction to be unduly harsh under the circumstances which have now been explained by respondent. There is no doubt that we have authority to impose sanctions for failure to comply with our rules. *Societe Internationale v. Rogers,* 357 U.S. 197 (1958); *Dusha v. Commissioner,* 82 T.C. 592 (1984); *Rechtzigel v. Commissioner,* 79 T.C. 132 (1982), affd. per curiam on this issue 703 F.2d 1063 (8th Cir. 1983). The sanction of dismissal is most severe. We do not believe, however, that such a harsh sanction is warranted under these circumstances.

Based on the foregoing, respondent's motion to set aside the Court's June 30, 1988, order of dismissal for lack of jurisdiction is granted.

### *The Jurisdictional Issue*

Petitioners filed a 1981 Federal income tax return on or before April 15, 1982, reflecting an address of 2927 Ella Lee Lane, Houston, Texas (hereinafter the Houston address). Petitioner Joan Ward died in 1982. On or about October 31, 1986, petitioner Gerald D. Ward (hereinafter petitioner) moved to 2403 Sandy Grove Court, Kingwood, Texas (hereinafter the Kingwood address). On November 6, 1986, petitioner sent a letter to the Internal Revenue Service (IRS) advising that he had moved to the Kingwood address.[2] On November 18, 1986, a letter was sent from the IRS Austin, Texas, Service Center to petitioner at the Kingwood address acknowledging receipt of the notice of change of address. On November 10, 1986, an employee at the Austin Service Center inserted the change of address for petitioner in the IRS computer. Inserting this information in the computer at the Austin Service Center does not immediately place the information into the taxpayer's computer file but rather places the information on a magnetic tape for transfer to the National Computer System located in Martinsburg, West Virginia. Normally it takes between 2 and 3 weeks for information input at the Austin Service Center to be transferred to the Martinsburg computer.

---

[2] The Nov. 6, 1986, letter was not made part of the record; however, it appears that it was sent to the IRS Austin Service Center since the response came from that office.

On November 7, 1986, the administrative file was transferred to respondent's Houston District Office for issuance of a notice of deficiency. The agent in charge of issuing the notice of deficiency was assigned this matter on November 7, 1986. Before issuing the notice of deficiency, the examiner reviewed the file and noted that the last correspondence in the file was a protest dated March 12, 1986, sent by petitioners' representative. The address reflected on the protest was the Houston address. A computer check was also made sometime between November 7, 1986, and November 20, 1986. The address reflected on the computer was the Houston address. The notice was mailed on November 20, 1986, to the Houston address. The power of attorney contained in the administrative file named Roger Headrick as the taxpayers' representative and, accordingly, respondent sent a copy of the notice of deficiency to said representative. Respondent's records do not reflect that either the original notice of deficiency sent to petitioners, or the copy sent to petitioners' representative, was returned to respondent as undelivered.

Petitioners' counsel argues that the notice of deficiency was not sent to his last known address since prior to its issuance he gave clear and concise notification to respondent of a change of address. He points out that, prior to the issuance of the notice of deficiency, respondent acknowledged receipt of petitioners' notice of a change of address. Yet, 2 days after acknowledging receipt of a change of address, respondent issued a notice of deficiency to petitioners' old address. Respondent, on the other hand, relies on cases such as *Yusko v. Commissioner*, 89 T.C. 806 (1987), holding that the date upon which respondent has notice of a change of address is the date the information is posted to his computer system, not the date that the notice of change of address is received by respondent.[3] Thus respondent argues that, regardless of whether the notice of change of address results from a more recently filed return or some other document, the IRS should be given a reasonable period of time within which to post the notice of change of address to his National Computer System.

---

[3]See also *Soria v. Commissioner*, T.C. Memo. 1986-206; *Singer v. Commissioner*, T.C. Memo. 1986-193.

It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition; otherwise, it is clear that we do not have jurisdiction. *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Mollet v. Commissioner*, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). We must decide whether to grant petitioners' motion to dismiss, which would require a finding that the notice of deficiency was not sent to petitioners' last known address, or grant respondent's motion, which would require a finding that the notice was sent to petitioners' last known address and that petitioners failed to file a timely petition.

We have consistently held that a taxpayer's last known address is defined as "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which *all* communications during such period should be sent." *Weinroth v. Commissioner*, 74 T.C. 430, 435 (1985); *McCormick v. Commissioner*, 55 T.C. 138, 141 (1970). * * * [*Abeles v. Commissioner*, 91 T.C. 1019, 1030 (1988); emphasis in original.]

The taxpayer's last known address is that address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. *Looper v. Commissioner*, 73 T.C. 690 (1980). We recently held that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent is given clear and concise notification of a different address. *Abeles v. Commissioner, supra* at 1035. We further held in *Abeles* that a taxpayer's most recently filed return is that return which has been properly processed by an Internal Revenue Service Center such that the address appearing on the return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with the examination of a previously filed return. We held that the address from the recently filed return is available to the agent issuing the notice of deficiency if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN in the case of a separately filed return or both taxpayers TINs in the case of a previously filed joint return.

While we do not have here the issue of whether respondent mailed the notice of deficiency to the address reflected on petitioners' most recently filed return, we do have a similar question, which is whether the IRS should be considered to be on notice of a change of address as of the date of receipt of a letter advising of such change or at some later period after processing the notice of change of address in the IRS' National Computer System. We believe that the same reasons for allowing respondent a reasonable period of time for the processing of a new address on a recently filed return exist with respect to the letter sent by petitioner advising of a change of address. *Yusko v. Commissioner, supra.* The November 6, 1986, letter was sent to the Service Center in Austin, Texas, while the notice of deficiency was being prepared at the IRS District Office in Houston. Thus, as with the filing of a return, the IRS district office could not reasonably be expected to have been on notice of petitioners' change of address upon receipt of the letter at the Service Center. To hold otherwise would impose an impossible administrative burden on the IRS, which receives millions of returns and documents each year.

Nor do we have a situation where the agent responsible for issuing the notice of deficiency knew or should have known that petitioners' address had changed. Petitioners have not alleged that notice was given to the examining agent, the agent preparing the statutory notice, or to the district office in charge of preparation of the notice. Cf. *Frieling v. Commissioner,* 81 T.C. 42, 48 (1983); *Weinroth v. Commissioner,* 74 T.C. 430, 435 (1980). This is not a situation where the preparer of the notice of deficiency failed to carefully review the administrative file or failed to do a computer check. *McPartlin v. Commissioner,* 653 F.2d 1185 (7th Cir. 1981),[4] revg. and remanding an order of this Court. A review of the file and a computer check by respondent's agent did not reveal that petitioner sent a notice of change of address to the Austin Service Center.

Based on this record, we find respondent did not fail to exercise reasonable diligence in processing the notice of change of address. The letter was sent on November 6, 1986, and on November 10, 1986, an IRS employee at the

---

[4]See also Taylor v. Commissioner, T.C. Memo. 1988-152.

Austin Service Center made an initial computer input. It takes between 2 and 3 weeks for the information to be transferred to the National Computer System. Since the notice of deficiency was mailed on November 20, 1986, there was only a 2-week lapse between the mailing of the letter giving notice of a change of address and the issuance of the notice of deficiency. There was less than a 2-week lapse between the initial computer input and the issuance of the notice of deficiency. Accordingly, there is nothing in the record indicating that respondent failed to exercise due diligence.

While not determinative, we note that respondent's records do not indicate that the notice of deficiency was returned to respondent as undelivered. Additionally, a copy of the notice of deficiency was sent to petitioners' authorized representative to an address reflected in a power of attorney, and respondent's records do not indicate that the copy was returned to respondent as undelivered.[5] We will not create a standard for respondent that is beyond reasonable diligence. Based on the record, we are satisfied that respondent acted with reasonable diligence in issuance of the notice of deficiency. Accordingly, petitioners' motion to dismiss is denied and respondent's motion to dismiss for lack of jurisdiction will be granted since the petition was not filed within the time required by section 6213(a).

## Litigation Costs

Section 7430(a) provides that a party who is a prevailing party in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceeding. To qualify as a prevailing party, a taxpayer must, among other things, substantially prevail in the litigation. Sec. 7430(c)(2)(A)(ii) (now sec. 7430(c)(4)(A)(ii)). It is clear that petitioners did not substantially prevail as we have found in favor of respondent on the jurisdictional issue. Cf. *Hubbard v. Commissioner*, 89 T.C. 792 (1987).

Based on this finding, petitioners' oral motion for litigation costs will be denied.

---

[5]Petitioner's counsel advised that the authorized representative indicates that he did not receive the notice of deficiency.

To reflect the foregoing,

> *An order will be entered granting respondent's motion to set aside the order of dismissal, denying petitioners' motion to dismiss, and granting respondent's motion to dismiss for lack of jurisdiction.*