ROBERT J. AND MARY E. BAPTIST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baptist v. Commissioner
Docket No. 22854-89
United States Tax Court
T.C. Memo 1990-280; 1990 Tax Ct. Memo LEXIS 298; 59 T.C.M. (CCH) 799; T.C.M. (RIA) 90280; June 4, 1990, Filed *298 Petitioners' motion to dismiss will be granted and respondent's motion to dismiss will be denied. Ps filed their petition more than 90 days after R mailed a notice of deficiency for Ps' 1985 and 1986 taxable years. R mailed the notice of deficiency to the address shown on Ps' 1985 and 1986 returns even though R had received Ps' 1987 return reporting a new address 67 days prior to mailing the notice. R did not place the new address information into his computer until 105 days after receipt. Ps and R filed cross motions seeking a dismissal for lack of jurisdiction. Ps argue for a zero-tolerance standard to be placed upon R's inclusion of new address information into the computer. R argues that his actions here constituted "reasonable care and diligence" because they were performed within his procedures for processing new address information. Held: Ps' motion to dismiss for lack of jurisdiction granted for failure of R to show that his established procedures and guidelines for placing new addresses into the computer constitute "reasonable care and diligence" in the setting of this case. Leonard Thomas Bradt, for the petitioners. Terry W. Vincent, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION The parties filed cross motions for dismissal for lack of jurisdiction. Petitioners contend that respondent failed to mail the statutory notice of deficiency to petitioners' "last known address" within the meaning of section 6212. [1] Respondent contends that the petition was untimely. Our focus here is upon the *300 concept of "last known address." More specifically, we consider the period of time within which respondent should be able to update a taxpayer's address in his computer system. This issue arises in the context of a situation where respondent was required to send a notice to petitioners' "last known address" and had received a more current address, through receipt of a subsequent taxable year's return, but had not yet placed the information into the computer at the time of mailing the notice. We must decide at what point respondent is to be constructively charged with knowledge of a more current address even though the information has not been made available to respondent's agents because it has not been placed into respondent's computer system. The facts in this case are undisputed. Respondent was examining petitioners' 1985 *301 and 1986 taxable years and treated 5458 Apple Blossom, Friendswood, Texas 77546 (Apple Blossom address) as petitioners most current and "last known address." Petitioners' 1987 Federal income tax return was filed with respondent on April 18, 1988, and reported 680 Kenwood Road, Fayetteville, Georgia 30214 (Kenwood address) as their current address. Petitioner resided at the Kenwood address at the time their petition was filed on September 18, 1989. On June 24, 1988, (67 days after the filing of petitioners' 1987 return containing the Kenwood address) respondent sent a statutory notice of deficiency to petitioners for their 1985 and 1986 taxable years. The notice was mailed to the Apple Blossom address. Respondent did not place the Kenwood address into the computer until August 1, 1988, some 105 days after petitioners' 1987 return was filed (on April 18, 1988). The "baseline" contentions of the parties leave them at opposite ends of the spectrum of events. Petitioners argue for a zero-tolerance rule which would charge respondent with notice of new addresses on filed returns upon receipt. Respondent argues that his agents process the addresses within a reasonable period which *302 is affected by the number of returns, the ordering of priorities in handling, and the limitations of equipment and personnel, so that under the circumstances of this case 105 days is reasonable. Respondent seems to argue that so long as his agents are reasonably using resources available, the amount of time should be irrelevant. Petitioners also present the logical and compelling argument that respondent is capable of removing, crediting and cashing checks in payment of tax immediately or shortly after the return is filed. Petitioners go on to argue that it would be an incrementally insignificant task for respondent to record new addresses at the time of filing instead of ordering the priorities in such a manner so as to permit the delay of recording the new address. A taxpayer's "last known address" is "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); McCormick v. Commissioner, 55 T.C. 138, 141 (1970). Respondent has been permitted to treat *303 the address on the return under examination as a taxpayer's last known address, absent "clear and concise notification" of an address change. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). When notified of a change of address, respondent must exercise reasonable care and diligence in determining the correct address for the mailing of a notice of deficiency. Keeton v. Commissioner, 74 T.C. 377, 379 (1980); Alta Sierra Vista, Inc. v. Commissioner, supra at 374; O'Brien v. Commissioner, 62 T.C. 543, 550 (1974). Whether respondent has exercised reasonable care and diligence must be determined in light of all the facts and circumstances. The relevant inquiry is to respondent's knowledge of a taxpayer's last known address, rather than what may in fact be the taxpayer's most current address. Frieling v. Commissioner, 81 T.C. 42, 49 (1983); Weinroth v. Commissioner, supra at 435; Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, supra at 374. *304 Respondent's knowledge at the time of mailing a notice of deficiency is that which he knew or should have known with respect to the taxpayer's last known address. Abeles v. Commissioner, 91 T.C. 1019 (1988); Monge v. Commissioner, 93 T.C. 22 (1989). In this case petitioners argue that respondent received ample notification of petitioners' change of address before issuance of the notice of deficiency. The 1987 return containing the Kenwood address was received by respondent on April 18, 1988, 67 days prior to issuance of the notice of deficiency for 1985 and 1986. Petitioners argue and respondent agrees that Abeles v. Commissioner, supra, establishes the general rule and basic standard for last known address in this case. In that opinion we established and placed a new standard of care and diligence (from our prior opinions) upon respondent with respect to ascertaining a taxpayer's "last known address" for purposes of section 6212. Prior to Abeles, we held that the filing of a return more current than the one under examination would not constitute sufficient notification of change of address so as to change a taxpayer's *305 "last known address." Weinroth v. Commissioner, supra at 436-437; Budlong v. Commissioner, 58 T.C. 850, 852-853 (1972). Our pre-Abeles holdings were premised on the understanding that respondent, due to computer limitations, was unable to search, under certain conditions, for a more current address than the one reflected on the return under examination. Abeles v. Commissioner, supra at 1032-1033. Later computer information reflecting more current addresses for taxpayers is now available to respondent's agents. Abeles v. Commissioner, supra at 1034-1035. After considering the above-summarized background we held: For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, however, we hold that a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center *306 such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. Further, we hold that the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN in the case of a separately filed return, or both taxpayers' TINs in the case of a previously filed joint return. [Fn. ref. omitted. Abeles v. Commissioner, supra at 1035.] In this case, although respondent's office had received petitioners' later year return (1987) with their Kenwood (new) address on April 18, 1988 (67 days before issuance of the notice of deficiency), the new address information was not available in respondent's computer system until August 1, 1988 (105 days after the filing of the 1987 return). In Ward v. Commissioner, 92 T.C. 949, 956-957 (1989), we considered a similar question to the one posed in this case. In Ward *307 we decided that the office issuing the notice of deficiency is not on notice of a new address contained in a letter requesting a change of address received too soon before the issuance of the notice of deficiency to be included in respondent's computer system. The time lapse in Ward was about 2 to 3 weeks [2] and occurred during November 1986. Accordingly, this Court has clearly rejected a zero-tolerance approach as advanced by petitioners. We must, therefore, consider whether the delay in placing the information into the computer was reasonable. Here we have a 67 day (more than 2 months) lapse from receipt of the new address to the date *308 the notice was mailed and a 105 day (more than 3 months) lapse from the receipt of the new address until the information was placed into respondent's computer. We note in passing that April is likely a much busier month at respondent's service centers than November because of the March 15 and April 15 filing dates for calendar year taxpayers. See sec. 6072. Respondent recently (shortly after the March 7, 1990, hearing on the parties' motions) issued Rev. Proc. 90-18, 1990-13 I.R.B. 18 (dated March 26, 1990) [3] which contains standards regarding change of address for purposes of "last known address." We think it would be appropriate to consider respondent's self-imposed standards in the setting of this case, because respondent has established a more strict standard for himself in the revenue procedure than was advanced in oral argument on these motions. In the revenue procedure respondent indicates that a new address shown on a taxpayer's more recently filed Form 1040 will be considered "properly processed" (i.e., that respondent considered himself charged with working knowledge of a new address for purposes of "last known address") 45 days after receipt, unless the *309 return is received early and then 45 days from the day after the due date. Also, due to the high volume of Forms 1040 filed during the period from February 14 to June 1 each year, new addresses received (during the filing season) will be considered properly processed by respondent on July 16, whether or not it has actually been input into the respondent's computer system. Accordingly, for returns filed during the "filing season" respondent has advanced a 92 day (April 15 to July 16) period within which he would not consider himself to be constructively charged with notice of a new address. After the 92-day period respondent would consider himself charged with notice, even though the address had not been put into the computer. In this case respondent did not input petitioner's new address (as reflected on the 1987 return filed April 18, 1988) within the 92-day period (before *310 July 16) set forth in the revenue procedure. Respondent's standard is not applied with respect to the date the information is placed into the computer. The standard is applied with respect to the date of mailing of the notice of deficiency. Accordingly, under respondent's self-imposed standard the notice to the Apple Blossom address would have been to the "last known address" because it was mailed 67 days after receipt of the new address information, whereas respondent would have had until July 16 (89th day - April 18 to July 16) to place the new address into the computer system. Unfortunately, respondent's issuance of guidelines in this area does not assist in providing a resolution to this controversy.[4] In this case, respondent did not offer any evidence to show that the period of delay between the receipt of the 1987 return (April 18) and the mailing of the notice (June 24) was reasonable, i.e., that respondent exercised reasonable care and diligence in determining the correct address for the mailing of a notice of deficiency. Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, supra at 374; O'Brien v. Commissioner, supra at 550. *311 See also Abeles v. Commissioner, supra at 1035 n.11. Here, the parties filed cross-motions for dismissal. Respondent has proven that the petition was not filed within the time permitted in section 6213. Accordingly, it was up to petitioners to go forward with evidence, which in this case was to show that the notice was not sent to their last known address. Petitioners have shown sufficient evidence to shift the burden of going forward with evidence to respondent *312 to show that the Kenwood address was not petitioner's "last known address". Also looking at petitioners' motion to dismiss, they have shown that the Kenwood address was available to respondent prior to mailing the notice of deficiency and respondent must now go forward with the evidence to show that the Kenwood address was not petitioners' "last known address." Accordingly, petitioners have shown that they provided respondent with "clear and concise notice" of a new address prior to the mailing of the notice of deficiency. Respondent must now show that he exercised reasonable care and diligence in determining petitioner's last known address. If respondent fails to make such a showing, then his motion will be denied and petitioners' motion will be granted. To satisfy his burden of going forward with evidence showing that he exercised reasonable care and diligence, respondent attached the affidavit of Lorna Bradford, Court Witness Coordinator, Internal Revenue Service Center, Austin, Texas. The following salient statements were made by the affiant: 3. In 1988, the Austin Service Center processed in excess of 17.5 million returns. 4. Under the guidelines set for the Internal *313 Revenue Service Center, all returns received by the Service Center have targeted completion for processing as follows:
Beginning
Completion
Date
Date
Returns showing refunds
Week of May 6
Delinquent returns and
returns with partial
approximately
payments
2 weeks after May 6
Returns with full
payments
Week of May 23
Week of August 15
5. Due to the requirement for interest on refunds, the Service Center processes returns showing refunds before any other returns are processed. * * * 7. The computer transcript of Mr. and Mrs. Baptist's tax module [1987 year] shown that their return included a remittance in the amount of $ 894.00 which, together with taxes withheld, fully paid the amount of the tax liability shown by the taxpayers on their return. 8. Consequently, the 1987 return for Mr. and Mrs. Baptist was in the group of returns which the Service Center was scheduled to start to process on or after the week of May 23, 1988. 9. Mr. and Mrs. Baptist's tax module indicates that the return was processed into the computer the week of July 22, 1988. The processing at that time would consist of inputting *314 the information into the local computer system located in Austin, Texas. 10. After the return is processed locally and verified, if there is no problem, the information is placed on magnetic tape and transferred to the national computer system in Martinsburg, West Virginia, on a weekly basis. The Martinsburg national computer system also performs accuracy and validity checks. The master file can be accessed throughout the entire United States, as opposed to one particular geographical division of the Internal Revenue Service. 11. The magnetic tapes which have been validated by Martinsb[u]rg are then returned to the Service Center for posting to the Austin computer. This process takes about two weeks, at which time it would then become available for viewing. Any notices issued subsequently would have the new address shown on the computer. 12. If the return of Robert J. and Mary E. Baptist was processed in Austin the week of July 22, 1988, the earliest the new address would have displayed on master file would be August 1, 1988. It could have been later if it was an item chosen for quality review or if there was a delay in the processing by the computer. 13. There would *315 have been no way for any employee in the Houston District to obtain the new address prior to its appearance on the master file contained in the computer system located in Martinsb[u]rg, West Virginia. 14. It is not the procedure for the Service Center employees processing the returns to input addresses shown on such returns separately from the processing of the return.
Respondent offered two other affidavits to show that the notice was properly processed and that the employees who did the processing followed established procedures to insure that the notice was sent to the most current address available for petitioners. It is noted, however, that without the new address being included in the computer system and available to the people preparing the notices, it does not matter how careful and thorough respondent's employees performed their search for a current address, it would have been to no avail. Accordingly, the question still remains as to whether respondent's procedure and practice in the facts of this case met the "reasonable care and diligence" test. Although respondent has shown the steps that are taken to record a new address into his computer system and, *316 further, that such steps were in accord with respondent's usual practices, the record in this case does not show that respondent's choice to put off the recording of new addresses until other functions are first performed is reasonable and diligent. For example and as petitioners argue, there is no indication that respondent was not able to record or input addresses upon receipt of returns and prior to processing other items. It may be reasonable to delay recording the new addresses until after payments are recorded and deposited. On the other hand, it may not be reasonable to delay input of the new address until after payments are recorded and deposited if the new address input could have been accomplished at the same time. The determination of what is reasonable and diligent is a "facts and circumstances" test which must be judged and balanced in each case. Without further information about the choices that respondent may have in ordering the priorities in this area, we are unable to measure whether reasonable care or diligence was exercised. Accordingly, respondent has failed to show that the amount of elapsed time from notification to availability to his employees was reasonable *317 in this case. Therefore, we must deny respondent's motion and grant petitioners' motion in this case. We leave for another day the determination of whether respondent's self-imposed standards will be reasonable in the factual setting of a particular case. Although a bright line rule may not be attainable in this area, it is expected that future cases will establish parameters within which the parties will be able to evaluate whether a particular time lapse is reasonable. To reflect the foregoing, Petitioners' motion to dismiss will be granted and respondent's motion to dismiss will be denied. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the period under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩
2. See also Williams v. Commissioner, T.C. Memo. 1989-439↩, on appeal (9th Cir., Nov. 28, 1989), where the evidence in that case convinced the Court that the Commissioner's practice, procedure, and actions constituted "reasonable diligence" where the notice was mailed about 60 days after receipt of a taxpayer's later year return containing a new address.
3. Although revenue procedures are not authoritative, we may consider them in as much as they represent the position of respondent.↩
4. Although the guidelines do not resolve this controversy, we are pleased that respondent has attempted to self-impose standards and to provide taxpayers guidance concerning the changing of their address for purposes of communication. Recognizing the importance of the correct address in a pre-payment or deficiency forum which is usually only available after the mailing of a notice to a taxpayer's "last known address," we believe that respondent's effort may result in more effective notification and reduced controversy in this area.↩