T.C. Memo. 1995-532

UNITED STATES TAX COURT

ROBERT G. HONTS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19636-93.          Filed November 9, 1995.

Michael L. Cook, for petitioner.

Gerald Brantley, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Stanley J. Goldberg, pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge:  This matter is before the Court on cross-motions to dismiss for lack of jurisdiction. Petitioner moved for dismissal in his favor on the ground that the notice of deficiency is invalid because it was not mailed to his last known address.  Respondent moved for dismissal in her favor on the grounds that: (1) The notice of deficiency was mailed to petitioner's last known address; and (2) the petition was untimely filed.  A hearing was held with respect to these motions in Houston, Texas.  At the time his petition was filed, petitioner resided in Austin, Texas.[2]

FINDINGS OF FACT

On April 15, 1988, petitioner filed a Form 4868 (Application For Automatic Extension Of Time To File U.S. Individual Income Tax Return) for tax year 1987.  On August 16, 1988, respondent received a Form 2688 (Application For Additional Extension Of

---

[1]  All section references are to the Internal Revenue Code as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  For taxable years 1984, 1986, and 1987, petitioner filed joint Federal income tax returns with his former wife Carol B. Honts. All Internal Revenue Service forms (e.g., Forms 2848 and 872) pertaining to those years were signed by both petitioner and his former wife.

Time To File U.S. Individual Income Tax Return) from petitioner for tax year 1987. Respondent granted the request, extending the filing date to October 15, 1988. Petitioner filed his 1987 joint Federal income tax return on March 28, 1989, on which he claimed a net operating loss (NOL) deduction in the amount of $105,332. On October 10, 1990, petitioner filed amended returns (Forms 1040X) for years 1984 and 1986 to carry back the unused portion of the 1987 NOL.

In November 1991, revenue agent Eduardo Lizcano (Agent Lizcano) commenced an examination of petitioner's 1987 return. On December 18, 1991, pursuant to his request, Agent Lizcano received a Form 2848 (Power of Attorney and Declaration of Representative) from petitioner appointing his accountants David E. Erickson, Jr. (Mr. Erickson), and Robin C. Demel (Mr. Demel), located at 1201 W. 24th St., Suite 200, Austin, Texas 78705, as his attorneys-in-fact for taxable year 1987. Line 7 of the Form 2848 provides:

> Notices and Communications.--Notices and other written communications will be sent to the first representative listed in line 2.

Petitioner listed his home address on the Form 2848 as 13302 Mansfield Drive, Austin, Texas 78732 (the Mansfield address).

At respondent's request, petitioner also executed and filed Forms 2848 for taxable years 1988 through 1991 for himself, in addition to Forms 2848 for Bandera Properties, Inc., Bob Honts Properties, Inc., and Masa Menos, Inc.

On the same day he filed the Form 2848 for taxable year 1987, petitioner filed a Form 872 (Consent to Extend the Time to Assess Tax) extending the time for assessment for his 1987 tax year until April 15, 1993. On the Form 872, petitioner listed his residence as the Mansfield address. On January 15, 1993, petitioner filed his 1989 and 1990 Federal income tax returns, listing his residence as the Mansfield address on the 1989 return and as 2300 Lohman's Crossing, Suite 190, Austin, Texas 78734 (the Lohman address) on the 1990 return. The Lohman address is the location of petitioner's business office.

On April 9, 1993, respondent mailed a notice of deficiency determining the following deficiencies in, and additions to, petitioner's Federal income taxes for years 1984, 1986, and 1987:

| | | Additions to Tax | | | |
|------|------------|------------------|----------------|----------------|----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661(a) |
| 1984 | $64,118 | -- | $3,206 | 1 | $16,030 |

| | | Additions to Tax | | | |
|------|------------|------------------|-------------------|-------------------|----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6661(a) |
| 1986 | $5,973 | -- | $299 | 1 | $1,493 |
| 1987 | 55,867 | $12,061 | 2,793 | 1 | 13,967 |

[1] 50 percent of the interest computed on the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations.

Respondent's adjustments to petitioner's 1984 and 1986 taxable years are entirely the result of respondent's disallowance of petitioner's NOL for 1987. The notice of deficiency was mailed by certified mail to petitioner at the following addresses: (1)

The Mansfield address; (2) the Lohman address; and (3) 6805 Commanche Trail, Austin, Texas 78732. No notice of deficiency was sent to either Mr. Erickson or Mr. Demel.

The U.S. Postal Form 3877 (Certified Mail List) indicates that the notices were mailed by the United States Postal Service (Postal Service) on April 9, 1993, to the three addresses listed above.[3] Each of the notices sent to petitioner was returned to respondent stamped "unclaimed". With regard to the notice sent to the Lohman address, the notation on the envelope indicates that the Postal Service made a first attempt to deliver the notice to petitioner on Saturday, April 10, 1993, and a second attempt on Saturday, April 17, 1993. Because petitioner's place of business is closed on Saturdays, no one would have been present to accept delivery of a certified item.[4] At no time did petitioner or his agents claim the notices from the post office.

It is the procedure of the Postal Service for a postal service employee, upon an unsuccessful attempt to deliver certified mail, to leave a Postal Service Form 3849 notifying the customer that a piece of certified mail was delivered in his or

---

[3] Form 3877 is completed by respondent and sent, with the envelopes containing the notices of deficiency, to the Postal Service. After checking to make sure the envelopes match the information on Form 3877, the Postal Service initials and stamps the form with a postmark date.

[4] Beyond the fact that each of the notices was returned to respondent unclaimed, the record in this case contains no further evidence regarding the notices sent to the Mansfield address or 6805 Comanche Trail.

her name, and that the item should be claimed at the local post office. The Form 3849 does not indicate the content of the item delivered, nor does it reveal the identity of the sender.

If the customer does not claim the item, the postal service employee will deliver a second Form 3849 to the customer's address with the same information. Upon the customer's failure to claim the item after the second notice, the Postal Service returns the item to the sender. The returned item is generally stamped with one of three notations informing the sender that the item was either: (1) "Undeliverable" if the customer did not reside at the given address; (2) "unclaimed" if the customer did not claim the item; or (3) "refused" if the customer was actually handed the item and then refused to accept certified delivery.

Assuming, arguendo, that the notice of deficiency is valid, the 90-day period for filing a petition with this Court expired on Thursday, July 8, 1993, which date was not a legal holiday in the District of Columbia. On August 31, 1993, Agent Lizcano was present in Mr. Demel's office for a closing conference concerning later taxable years of petitioner. During the conference Agent Lizcano inquired as to petitioner's intent regarding the notice issued on April 9, 1993. This was the first time petitioner's accountants learned of the outstanding notice of deficiency. Mr. Demel requested a copy of the notice, and received the same on September 1, 1993. Petitioner mailed his petition in this case on September 8, 1993, and it was filed on September 13, 1993.

OPINION

Section 6501(a) provides that the amount of any deficiency in income tax shall be assessed within 3 years after the return was filed. Section 6503(a) provides, however, that the running of the 3-year period of limitations is suspended by "the mailing of a notice under section 6212(a)." Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." Section 6212(b)(1) provides that a notice of deficiency, in respect of an income tax, "shall be sufficient" if it is "mailed to the taxpayer at his last known address". Generally, the Commissioner has no duty to effectuate delivery of the notice after it is mailed. Monge v. Commissioner, 93 T.C. 22, 33 (1989).

Neither section 6212 nor the regulation promulgated thereunder, section 301.6212-1, Proced. & Admin. Regs., defines what constitutes a taxpayer's "last known address". We have defined it as the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the

surrounding facts and circumstances, the Commissioner reasonably

believed the taxpayer wished the notice to be sent.  Weinroth v.

Commissioner, supra; Looper v. Commissioner, 73 T.C. 690, 696

(1980).  The relevant focus is thus on the Commissioner's

knowledge, rather than on what in fact may have been the

taxpayer's actual address in use.  Brown v. Commissioner, 78 T.C.

215, 219 (1982) (citing Alta Sierra Vista, Inc. v. Commissioner,

supra).

In Frieling v. Commissioner, 81 T.C. 42, 49 (1983), we

stated:

> Absent "clear and concise notification" from the
> taxpayer directing respondent to use a different address,
> respondent is entitled to treat the address shown on the
> return for which the notice of deficiency is being issued as
> the taxpayer's "last known address."  However, once
> respondent becomes aware of a change in address, he must
> exercise reasonable care and diligence in ascertaining and
> mailing the notice of deficiency to the correct address.
> Whether respondent has properly discharged this obligation
> is a question of fact.  McPartlin v. Commissioner, 653 F.2d
> 1185, 1189 (7th Cir. 1981), revg. an unpublished order of
> this Court; Weinroth v. Commissioner, supra at 435-436; Alta
> Sierra Vista, Inc. v. Commissioner, supra at 374.

See also Pyo v. Commissioner, 83 T.C. 626, 633 (1984); Stroud v.

Commissioner, T.C. Memo. 1992-666.

In Abeles v. Commissioner, 91 T.C. 1019 (1988), we held that

a taxpayer's last known address is the address shown on his most

recent return, absent clear and concise notice of a different

address.  However, the mailing of the deficiency notice will meet

the conditions of section 6212(a) no matter what address was used

if a taxpayer receives actual notice without prejudicial delay. Frieling v. Commissioner, supra.

Petitioner contends that the notice of deficiency is invalid because it was not mailed to his "last known address". He argues that the power of attorney filed on December 18, 1991, notified respondent that his last known address was that of his accountants. To the contrary, respondent argues that petitioner's "last known address" was the Mansfield address based on his 1989 return, his most recent return filed prior to the issuance of the notice of deficiency.

Where a taxpayer files a power of attorney with the Internal Revenue Service (IRS) that directs the IRS to send originals of all communications to the address of the named representative, such address constitutes the taxpayer's "last known address" for purposes of section 6212(b)(1). Reddock v. Commissioner, 72 T.C. 21 (1979)(citing D'Andrea v. Commissioner, 263 F.2d 904 (D.C. Cir. 1959)); Lifter v. Commissioner, 59 T.C. 818, 821 (1973).[5] We have further held that if the power of attorney directs only copies of notices and communications be sent to the taxpayer's representative, then to do so is a mere courtesy extended by the Commissioner. Triangle Investors Ltd. Partnership v. Commissioner, 95 T.C. 610, 616 (1990); Houghton v. Commissioner,

---

[5] See also Hwang v. Commissioner, T.C. Memo. 1992-403; Payne v. Commissioner, T.C. Memo. 1992-22; Smith v. Commissioner, T.C. Memo. 1989-508; Rev. Proc. 61-18, 1961-2 C.B. 550.

48 T.C. 656, 661 (1967).  Johnson v. Commissioner, 611 F.2d 1015 (5th Cir. 1980), revg. and remanding T.C. Memo. 1977-382.  Of course, as noted above, a notice of deficiency will be valid regardless of whether it was mailed to a taxpayer's "last known address" if the taxpayer receives actual notice of the deficiency and is not unduly prejudiced in timely filing his or her petition.  Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Frieling v. Commissioner, supra.

The Forms 2848 executed by the parties in the cases cited above directed the taxpayers to choose between having originals or copies of all notices and written communications sent to their representatives.  The Commissioner revised Form 2848 in March 1991.  The new Form 2848, at issue in the instant case, provides simply that "notices and other written communications will be sent" to the taxpayer's designee.  We are thus faced with the question whether the language in the revised Form 2848 changes a taxpayer's "last known address" to that of his or her representative.

It is not unreasonable for a taxpayer who files a power of attorney containing the language at issue to rely on the assumption that the Commissioner will send notices to his or her representative.  The Commissioner was cognizant of the outstanding caselaw addressing the prior language of the power of attorney, as evidenced by Revenue Procedure 61-18, 1961-2 C.B. 550.  Had the Commissioner intended that the act of sending

notices to representatives be a mere courtesy, it would have been a simple matter to express this intent in clear language on the Form 2848. The language of the power of attorney at issue is altogether too plain to give it a meaning contrary to its unambiguous terms. We think it is clear that the power of attorney directing that "notices and all other communications will be sent" to petitioner at the address of his accountants was sufficient to render that address petitioner's "last known address" for the purpose of his 1987 income tax liability.

In light of all of the surrounding facts and circumstances, we find it unreasonable for respondent not to have informed petitioner's representatives of the issuance of the notice of deficiency. It would have been a simple task to notify the representatives in light of Agent Lizcano's continued presence at, and communication with, their office. Based on the reasoning of Ward v. Commissioner, 907 F.2d 517 (5th Cir. 1990), revg. 92 T.C. 949 (1989), the Commissioner is under an obligation to verify an address with a representative in situations where the Commissioner has a working relationship with the representative. This is true regardless of whether notices and communications are required to be sent to the representative. See Pomeroy v. United States, 864 F.2d 1191, 1194-1195 (5th Cir. 1989). As such, respondent was aware that the address of petitioner's representatives was the address to which petitioner intended all notices and communications to be sent with respect to not only

the year 1987, for which a power of attorney was filed, but also for 1984 and 1986.

Respondent argues that she was not permitted to mail the notice to petitioner's accountants because, in doing so, she would have committed an unauthorized disclosure of taxable years 1984 and 1986. Agent Lizcano testified that he requested that petitioner execute powers of attorney for 1984 and 1986, but that petitioner would not do so. Revenue agent John Robert Rossmiller testified that it was not IRS policy to prepare separate notices for separate tax years in order to prevent unauthorized disclosures.

During the course of respondent's examination, Agent Lizcano requested, and petitioner provided, powers of attorney for tax years 1987 through 1991, in addition to powers of attorney for three related corporations. We find it difficult to accept that petitioner would have provided all of these powers of attorney, yet refused to provide the same for tax years 1984 and 1986. Furthermore, the only adjustments made to petitioner's 1984 and 1986 returns were due to the disallowance of petitioner's 1987 NOL. During his examination of the 1987 tax year, Agent Lizcano gave the accountants copies of petitioner's 1984 and 1986 amended returns after receiving permission to do so from petitioner. To now argue, as respondent does, that the notice of deficiency was not mailed to the accountants to avoid disclosure of this information is, at the very least, self-serving. Moreover, upon

the return of the unclaimed notice, Agent Lizcano could have simply notified the accountants that a notice for tax year 1987 had been mailed on April 9, 1993, just as he did on August 31, 1993. In the end, if respondent wanted to avoid improper disclosure, she could have issued two separate notices of deficiency.

Agent Lizcano maintains that he was unaware of the exact date that respondent sent the notice and was not informed that it had been returned unclaimed. Even assuming, arguendo, that this was the case, "An innocent taxpayer should not be penalized because the tax collector neglects to tell his right hand what his left hand is doing." Pyo v. Commissioner, 83 T.C. at 637; see also Keeton v. Commissioner, 74 T.C. 377, 383 (1980) (stating "We will not allow respondent to come into this Court wearing blinders").

Respondent further argues that it is irrelevant whether the notice of deficiency was sent to petitioner's last known address because petitioner received actual notice of the deficiency. In support of her argument, respondent points to the two delivery attempts at the Lohman address and the notices sent to the Mansfield address and 6805 Comanche Trail, and cites Patmon and Young Professional Corp. v. Commissioner, 55 F.3d 216 (6th Cir. 1995), affg. T.C. Memo. 1993-143.

We have been presented with no evidence to establish that petitioner actually received the notices of deficiency at the

aforementioned addresses, or that petitioner had actual notice of the mailings. In addition, the Patmon case is distinguishable in that the notice of deficiency was returned to the Commissioner stamped "unclaimed and refused". In other words, the taxpayer actually reviewed the envelope containing the notice and refused receipt of the item. In the instant case the notice was returned "unclaimed". This Court has been presented with no evidence, and there exists no basis upon which we could make a finding, that petitioner had actual notice of the issuance of the notice of deficiency or intentionally avoided delivery thereof.

Respondent also cites Shuford v. Commissioner, T.C. Memo. 1990-422, affd. without published opinion 937 F.2d 609 (6th Cir. 1991) and Erhard v. Commissioner, T.C. Memo. 1994-344, in support of her motion to dismiss. Like the taxpayer in Patmon v. Commissioner, supra, the taxpayers in the cases cited by respondent received actual notice of issuance of the notice of deficiency. Here petitioner was not informed of the issuance of the notice of deficiency until Agent Lizcano raised the issue on August 31, 1993.

Respondent argues, alternatively, that if we find the notice of deficiency to be invalid, then it should only be invalid with respect to 1987, the year for which the power of attorney applied. We find this argument to be without merit. It was respondent who chose to send a single deficiency notice rather

than two separate notices in these circumstances where the tax years were intertwined.

Based on the foregoing, we will grant petitioner's motion to dismiss for lack of jurisdiction and deny respondent's motion to dismiss for lack of jurisdiction.[6]

<u>An appropriate order and order of dismissal for lack of jurisdiction will be entered</u>.

---

[6] Petitioner has requested leave to file a motion for an award of attorneys' fees, costs, and other expenses, pursuant to sec. 7430. Should petitioner desire to pursue this matter, he must comply with Rules 230 and 231.