T.C. Memo. 1997-524

UNITED STATES TAX COURT

SIMON J. TRUEBLOOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16969-96.                    November 19, 1997.

<u>Andrew W. Levenfeld</u>, for petitioner.

<u>Mayer Y. Silber</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  This case is before the Court on petitioner's motion to vacate the granting on November 5, 1996, of respondent's Motion to Dismiss for Lack

_____

[1]    All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

of Jurisdiction and to Strike the Taxable Years 1991, 1992, 1993, and 1994.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Merrillville, Indiana, at the time his petition was filed.

On August 22, 1995, respondent mailed petitioner a "30-day letter" informing petitioner of proposed adjustments to petitioner's Federal income taxes for 1991, 1992, and 1993. The letter advised petitioner that he had 30 days within which to notify respondent's appropriate Appeals Office if he disagreed with the proposed adjustments.

In a notice of deficiency dated September 21, 1995, respondent determined deficiencies in petitioner's and his former wife's income taxes for 1991 and 1992. In a separate notice of deficiency dated September 21, 1995, respondent determined a deficiency in petitioner's income tax for the tax year 1993. On September 21, 1995, respondent mailed the notices of deficiency by certified mail to petitioner at 475 East 60th Place, Merrillville, Indiana, 46410.[2] This address was petitioner's last known address. On September 23, 1995, petitioner signed Domestic Return Receipts (Postal Service Forms 3811) acknowledging receipt of the notices of deficiency.

---

[2]     The record does not contain copies of the notices of deficiency with respect to the tax years 1991, 1992, and 1993.

By letter dated September 20, 1995, petitioner's counsel notified the Internal Revenue Service (IRS) that petitioner did not agree with the adjustments proposed in the 30-day letter and that he wished to appeal the findings with the Appeals Office. This letter was delivered by messenger service and was received on September 21, 1995. On September 21, 1995, petitioner's counsel sent a second item, an envelope allegedly containing an executed power of attorney with respect to petitioner's counsel, to the IRS. This second envelope was not received until September 22, 1995.

On September 25, 1995, respondent's agent, Linda Yoder, sent petitioner a letter stating that his request for an appeal was denied because: (1) "There is not enough time left on the statute"; and (2) "The statutory notice has been issued." The letter also notified petitioner that the IRS had no power of attorney on file with respect to petitioner's counsel and that petitioner had until December 21, 1995, to file a petition with the Tax Court. This letter was addressed to petitioner at his last known address.

On April 3, 1996, respondent received a Form 2848, Power of Attorney and Declaration of Representative, executed by petitioner on September 19, 1995.

By notice of deficiency dated May 9, 1996, respondent determined a deficiency in petitioner's and his former wife's

income tax in the amount of $1,486 and an addition to tax in the amount of $2,688.67, pursuant to section 6651(a)(1) for the tax year 1990.

On August 6, 1996, petitioner filed a petition for redetermination of the deficiency determined by respondent in the notice of deficiency dated May 9, 1996. Petitioner further requested that the Court assume jurisdiction of the taxable years 1991, 1992, 1993, and 1994, and determine that there are no deficiencies or additions and/or penalties owing for those years. The 30-day letter was attached to the petition.

On October 2, 1996, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike the Taxable Years 1991, 1992, 1993, and 1994. Respondent moved to dismiss as to the taxable years 1991, 1992, and 1993, upon the ground that the petition was not filed within the time prescribed in sections 6213(a) and 7502 and as to the taxable year 1994 upon the ground that no notice of deficiency had been issued as to that year. The Court notified petitioner that an objection to respondent's motion had to be filed on or before October 22, 1996. Petitioner did not file a timely objection. On November 5, 1996, the Court granted respondent's motion to dismiss as to the taxable years 1991, 1992, 1993, and 1994, and all references to these years were stricken from the petition.

On November 12, 1996, petitioner filed a motion to vacate the dismissal. In the motion, petitioner requested an additional 30 days, until December 7, 1996, in which to file a memorandum in support of the motion. Petitioner's memorandum was received and filed by the Court on December 23, 1996, as "Supplement to Motion to Vacate 11-5-96 Order".

Respondent filed a notice of objection to petitioner's motion. A hearing was held on petitioner's motion on April 17, 1997, in Chicago, Illinois.

Rule 123(c) provides the procedure for setting aside a dismissal. Ward v. Commissioner, 92 T.C. 949, 952 (1989), revd. on other grounds 907 F.2d 517 (5th Cir. 1990). Under Rule 123(c), the Court may set aside a dismissal, "For reasons deemed sufficient by the Court and upon motion expeditiously made". The granting of a motion under Rule 123(c) is within the discretion of the Court. Ward v. Commissioner, supra; Kraasch v. Commissioner, 70 T.C. 623, 626 (1978).

Petitioner's motion was expeditiously made as it was filed 7 days after respondent's motion was granted. Petitioner's stated reason for not filing a timely objection to respondent's motion was: "Due to other litigation commitments, the complexity of the matter under appeal and the prior personal commitments of counsel for Petitioner, counsel was not able to file the Notice of Objection on time." We do not believe this to be a sufficient

reason to set aside the granting of respondent's motion to dismiss. We fail to understand why petitioner was unable to request additional time to file an objection prior to the granting of the dismissal. The Court afforded petitioner an opportunity to be heard in an attempt to determine if there was some merit to petitioner's procedural and substantive argument. Petitioner gave no further reason for failing to file a timely objection to respondent's October 2, 1996, motion. Thus, we could deny petitioner's motion on these grounds alone without considering his substantive argument. However, we also recognize that "This Court has generally favored allowing a party to have his day in court on the merits of the issue rather than having the case dismissed on a procedural matter." Ward v. Commissioner, supra at 952.

Petitioner does not contend that his petition was filed within the time period prescribed by section 6213(a). Petitioner contends that the notices of deficiency are invalid because respondent failed to comply with respondent's own procedural rules by issuing the notices of deficiency during the time that petitioner was permitted to request an appeal of the underlying proposed adjustments set forth in the 30-day letter. Petitioner, however, has not moved to dismiss based on the allegedly invalid notices of deficiency.

Generally, this Court will not look behind a notice of deficiency to examine the evidence used or the propriety of the Commissioner's motives or of the administrative policies or procedures involved in making determinations. Vallone v. Commissioner, 88 T.C. 794, 806 (1987); Jackson v. Commissioner, 73 T.C. 394, 400 (1979); Boyer v. Commissioner, 69 T.C. 521, 544 (1977); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Thus, we will not look into the failure to issue a 30-day letter to taxpayers or failure to afford them an administrative appeals conference. Boyer v. Commissioner, supra; Greenberg's Express, Inc. v. Commissioner, supra; Estate of Barrett v. Commissioner, T.C. Memo. 1994-535, affd. without published opinion 87 F.3d 1318 (9th Cir. 1996). The rationale for this rule is that a trial before the Tax Court is a proceeding de novo. Greenberg's Express, Inc. v. Commissioner, supra. Further, procedural rules are directory, not mandatory, in legal effect, and compliance with them is not essential to the validity of the notice of deficiency. Luhring v. Commissioner, 304 F.2d 560 (4th Cir. 1962); Pleasanton Gravel Co. v. Commissioner, 64 T.C. 510, 529 (1975), affd. 578 F.2d 827 (9th Cir. 1978); see also Geurkink v. United States, 354 F.2d 629, 632 (7th Cir. 1965).

Thus, the notices of deficiency for 1991 through 1993 are not rendered invalid by respondent's failure to afford petitioner

an administrative appeal or by respondent's issuance of the notices of deficiency during the 30-day period.[3]

Petitioner also contends that the notices of deficiency should have been mailed to petitioner's counsel, because petitioner filed a Form 2848, Power of Attorney.  In Honts v. Commissioner, T.C. Memo. 1995-532, this Court held that the language contained in Form 2848 is sufficient to render the address of the taxpayer's representative as the last known address of the taxpayer.[4]  However, if mailing results in actual notice without prejudicial delay, the notice of deficiency meets the conditions of section 6212(a) no matter what address was used.  McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983).

It is undisputed that the notices of deficiency were mailed to petitioner's last known address.  Assuming arguendo that the power of attorney was the item hand delivered to respondent, respondent would have received petitioner's power of attorney on September 22, 1995, at the earliest, the day after the notices of deficiency were mailed.  Honts v. Commissioner, supra, is clearly

[3]    We are without jurisdiction for 1994 because it is undisputed that no notice of deficiency was issued for that year. See secs. 6212 and 6213.

[4]    In Honts v. Commissioner, T.C. Memo. 1995-532, the Court found that the taxpayer's "last known address" was that contained on the Form 2848 received by the Commissioner over 1 year prior to the mailing of the notice of deficiency.

distinguishable from the facts here, and, therefore, the holding does not apply. Moreover, petitioner actually received the notices of deficiency on September 23, 1995. We find that the conditions of section 6212(a) were satisfied.

Petitioner's motion to vacate the granting of respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Years 1991, 1992, 1993, and 1994 is denied.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.