T.C. Memo. 1999-266

UNITED STATES TAX COURT

VINCENT J. AND SUSAN L. MARANTO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16364-98.          Filed August 9, 1999.

<u>Victor A. Latham</u>, for petitioners.

<u>Jordan Musen</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case is before the
Court on cross-motions to dismiss for lack of jurisdiction.  It
was heard pursuant to section 7443A.  Respondent contends that
petitioners failed to file their petition within the time
prescribed by section 6213(a),[1] while petitioners contend that

_____

[1]  All section references are to the Internal Revenue Code.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

the notice of deficiency was invalid because respondent failed to mail it to petitioners' last known address. Petitioners resided at 6100 Edinger Avenue, #634, Huntington Beach, California 92647 (the Edinger Avenue address), at the time they filed their petition.

Respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $12,959 and an accuracy-related penalty under section 6662(a) in the amount of $2,592. On July 16, 1996, respondent mailed duplicate copies of the notice of deficiency by certified mail to 11815 Blake Road, Wilton, California 95693-8542 (the Blake Road address), and to 17931 Fern Point Circle, Huntington Beach, California 92647 (the Fern Point Circle address). The petition was filed herein on October 7, 1998, more than 2 years after the mailing of the notice of deficiency. Respondent alleges that the notice mailed to the Fern Point Circle address was returned undeliverable, but that the one mailed to the Blake Road address was not.

During the examination of petitioners' 1992 Federal income tax return, petitioners signed and submitted to the Internal Revenue Service a Form 2848, Power of Attorney and Declaration of Representative, naming James F. Christensen (Mr. Christensen), 3151 Airway Avenue, Suite B1, Costa Mesa, California 92626 (the Airway Avenue address), as their representative. The Form 2848 was dated by petitioners on November 22, 1995, and by Mr.

Christensen on November 30, 1995. (We note that the address of petitioners shown on the Form 2848 was the Fern Point Circle address). On October 16, 1996, respondent sent a copy of the notice of deficiency for petitioners' 1992 taxable year to Mr. Christensen by regular mail. Mr. Christensen received the notice of deficiency but did not advise petitioners of the receipt because he believed that petitioners' 1992 return was being handled by a San Francisco law firm. Mr. Christensen filed the copy of the notice of deficiency in his records.

Page 2 of the Form 2848, under the heading "Notices and Communications", states: "Notices and other written communications will be sent to the first representative listed on line 2." The form further provides two blocks to be checked to vary the statement, but neither block was checked.

By letter dated July 13, 1995, petitioners advised Revenue Agent Curtis Lawrence that they had moved to northern California in August 1994. The letter continues: "I request any inquiry required in regards to Maranto Enterprises be forwarded to a location closier [sic] to my home." The letter reflects the Blake Road address. Petitioners filed their 1994 Federal income tax return in October of 1995. That return reflects the Blake Road address.

This Court's jurisdiction to redetermine a deficiency depends upon the timely issuance of a valid notice of deficiency

and a timely filed petition.  See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) authorizes the Secretary, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified or registered mail."  Section 6212(b) provides that a notice of deficiency, in respect of an income tax, "shall be sufficient" if it is "mailed to the taxpayer at his last known address".  Generally, the Commissioner has no duty to effect delivery of the notice after it is mailed to the taxpayer's last known address.  See Monge v. Commissioner, supra at 33.

Neither section 6212 nor the regulation promulgated thereunder, section 301.6212-1, Proced. & Admin. Regs., defines what constitutes a taxpayer's "last known address".  We have defined it as the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during that period. See Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably

believed the taxpayer wished the notice to be sent. See <u>Weinroth</u> <u>v. Commissioner</u>, <u>supra</u>. The relevant focus is thus on the Commissioner's knowledge, rather than on what in fact may have been the taxpayer's actual address in use. See <u>Brown v.</u> <u>Commissioner</u>, 78 T.C. 215, 219 (1982) (citing <u>Alta Sierra Vista,</u> <u>Inc. v. Commissioner</u>, <u>supra</u> at 374.)

In <u>Abeles v. Commissioner</u>, 91 T.C. 1019 (1988), we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address. See <u>Monge v. Commissioner</u>, <u>supra</u> at 28. Under this principle, the Blake Road address was petitioners' last known address as it was shown on petitioners' 1994 Federal income tax return, the last return filed before July 16, 1996.

A validly executed power of attorney may suffice to render an attorney's address the taxpayer's "last known address" if it directs that all original notices and written communications be sent to the taxpayer at the attorney's address. See <u>D'Andrea v.</u> <u>Commissioner</u>, 263 F.2d 904 (D.C. Cir. 1959); <u>Reddock v.</u> <u>Commissioner</u>, 72 T.C. 21 (1979); <u>Lifter v. Commissioner</u>, 59 T.C. 818, 821 (1973).

The Form 2848 executed by the taxpayers in the above-cited cases directed the taxpayers to choose between having originals or copies of all notices and written communications sent to their representatives. The new Form 2848, which was revised in

February 1993 and which is involved in this case, provides simply that "notices and other written communications will be sent" to the taxpayer's designee. We have previously held that that language is sufficient to render the address of the taxpayer's representative the "last known address" of the taxpayer. See Honts v. Commissioner, T.C. Memo. 1995-532. Under this principle, the notice mailed to Mr. Christensen at the Airway Avenue address, and received by him, was sent to petitioners' last known address.

Petitioners contend that respondent should have mailed the notice of deficiency to the Edinger Avenue address. We disagree. As indicated above, the address shown on petitioners' most recently filed return serves as notice to respondent of petitioners' last known address unless respondent was given clear and concise notification of a change in that address. Accordingly, petitioners' 1994 return, which was filed in October of 1995, was the last filed return before the mailing of the notice of deficiency for 1992. Petitioners' 1995 return showing the Edinger Avenue address was filed after the mailing of the notice of deficiency by certified mail to the Blake Road address.

Petitioners' contention that they provided a new address to respondent's Appeals Office orally in a telephone conversation has not been proven. Petitioner husband testified to such a conversation, but his testimony was rather vague. On the

contrary, the person to whom he spoke, Janet Cole, from the Los Angeles Appeals Office, recalls the conversation but does not recall receiving any added information as to petitioners' new address. The Appeals documentary record in the case, attached to the supplement to respondent's motion to dismiss for lack of jurisdiction, reflects that an entry was made at some undetermined time, changing the Fern Point Circle address to the Blake Road address.

Moreover, in March 1996, petitioner husband filed a voluntary petition in bankruptcy in the U.S. Bankruptcy Court for the Eastern District of California, Sacramento Division, in which he listed the Blake Road address as his current address.

If the Blake Road address was not petitioners' last known address, then certainly the Airway Avenue address for Mr. Christensen would have been petitioners' last known address. See Honts v. Commissioner, supra. The record is clear that respondent mailed by regular mail a copy of the notice of deficiency for 1992 to Mr. Christensen on October 16, 1996, and that he received it. Petitioners contend that respondent has failed to prove the exact date upon which Mr. Christensen received it, but we do not believe that is necessary. Respondent did offer testimony of a representative of the U.S. Postal Service that mail from respondent's office to Mr. Christensen's office would normally have been received within 2 or 3 days, and

we find that such testimony, in conjunction with Mr. Christensen's admission of receipt, is satisfactory evidence that the mail was delivered in the regular course of business, and that Mr. Christensen timely received the document.

Petitioners then contend that respondent did not mail the notice of deficiency to Mr. Christensen's office by certified mail.  We note that the U.S. Court of Appeals for the Third Circuit has squarely addressed and rejected this argument in Berger v. Commissioner, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967).  See also Freiling v. Commissioner, 81 T.C. 42, 51 n.13 (1983); Balkissoon v. Commissioner, T.C. Memo. 1992-322, affd. 995 F.2d 525 (4th Cir. 1993).  In Berger v. Commissioner, supra at 675, the court stated:

> We therefore reject a construction of the procedural provisions of section 6212 which would yield the startling conclusion that a notice given to clients and their lawyer is inadequate even though they received it in due course, simply because the lawyer's copy should have been the original, and the channel of certified mail which was used for the taxpayers should have been used for the lawyer.

Accordingly, we hold that the notice of deficiency for petitioners' 1992 taxable year was validly sent to petitioners'

last known address and that the petition filed more than 2 years later was untimely.

> <u>An order will be entered granting respondent's motion to dismiss and denying petitioners' motion to dismiss</u>.