T.C. Memo. 2006-29


UNITED STATES TAX COURT



ROGER L. SHERER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 15976-04L.           Filed February 21, 2006.



        P seeks relief from a tax lien filed for 1999
under sec. 6330(d), I.R.C.  P contests the income tax
liability assessed for 1999.  R disputes whether P had
an opportunity to contest the 1999 liability and
asserts P refused receipt of the notice of deficiency.
However, P did not receive the notice of deficiency for
1999 which was mailed to two addresses, neither of
which was P's residence at the time.

        P did not file an income tax return for 1999.  In
response to the Appeals officer in the communications
after his request for a hearing under sec. 6330,
I.R.C., P provided support for his claimed bases in
securities, the proceeds of the sale of which create
the 1999 liability.  The Appeals officer declined to
consider P's information until he filed a return for
1999.  Since P did not file a 1999 return, R issued a
notice of determination.

<u>Held</u>:  P's 1999 tax liability is properly before this Court subject to de novo review, since P did not receive the notice of deficiency for 1999 and did not otherwise have an opportunity to dispute the liability. <u>Sego v. Commissioner</u>, 114 T.C. 604 (2000), distinguished.

<u>Held</u> <u>further</u>, P's failure to file a return for 1999 does not bar consideration of P's evidence of his bases in securities sold in 1999.  Upon consideration of P's evidence, the Court finds that P has no tax liability for 1999 and accordingly, the collection action is not upheld.

Roger L. Sherer, pro se.

<u>Sean Gannon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The issues before us are whether petitioner has received a notice of deficiency for 1999 or otherwise had an opportunity to dispute his tax liability for 1999, and whether petitioner is required to file a Federal income tax return to be allowed his claimed bases in securities he sold in 1999.

The petition in this case was filed under section 6330(d)[1] in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) relating to a Federal tax lien filed for the taxable year 1999.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code as amended.

FINDINGS OF FACT

The parties have stipulated some of the facts, and those facts are included herein by this reference. Other evidence was taken via testimony at trial.

At the time of the filing of the petition, petitioner resided in Kingston, Illinois.

Petitioner has not filed a Federal income tax return for the taxable year 1999. Pursuant to section 6020(b), respondent prepared a substitute for return for petitioner for the taxable year 1999 in July 2001. The substitute for return was based on information respondent received from third parties showing proceeds from sales of certain assets and interest income. On July 11, 2002, respondent mailed a notice of deficiency to petitioner related to the taxable year 1999, determining a deficiency in income tax and additions to tax attributable to the deficiency. Respondent used the address that petitioner had shown on the income tax return he filed for the taxable year 1997. The 1997 return was the last return petitioner filed before 2002.

Petitioner did not notify the Internal Revenue Service of any change of address, and the July 11, 2002, notice of deficiency was returned by the U.S. Postal Service (USPS) to respondent. The envelope which contained the notice of deficiency was stamped by the USPS with the word "Unclaimed".

On July 11, 2002, respondent mailed a duplicate notice of deficiency to petitioner at another address. This second notice of deficiency was also returned by the USPS, and the envelope containing it was stamped "Unclaimed". The second notice was mailed on the basis of respondent's attempts to find petitioner's current address using a "postal tracer research" procedure provided by the USPS.

Petitioner did not reside at either of the addresses to which the notice of deficiency was mailed on July 11, 2002, and petitioner did not receive the notice of deficiency. As a result, petitioner did not file a deficiency suit with this Court. Respondent assessed the income tax deficiency and the additions to tax on December 9, 2002. On December 9, 2002, and January 13, 2003, petitioner was issued a notice of demand for payment of the tax liability and the additions to tax for 1999. On November 28, 2003, respondent filed with the Recorder of Deeds, DeKalb County, Illinois, a notice of Federal tax lien with respect to petitioner's tax liability and the additions to tax. On December 4, 2003, respondent mailed to petitioner at a third address in Kingston, Illinois, a notice of Federal tax lien filing with respect to the lien filed for the taxable year 1999. On or about January 5, 2004, respondent received a timely Form

12153, Request for Collection Due Process Hearing. In his Form 12153, petitioner contested only the tax liability.

On January 29, 2004, respondent mailed to petitioner a letter advising him that his Form 12153 had been received and that his request for a hearing was being processed. Petitioner was further advised in this letter that he had not filed income tax returns for the taxable years 1998, 1999, 2000, 2001, and 2002, and he was instructed to file said returns by February 12, 2004. He was further instructed that if he failed to file the returns, the matter would be forwarded to respondent's Appeals Office for consideration of his request for a hearing. Petitioner has acknowledged that he received the January 29, 2004, letter. Petitioner failed to file, as of the date of trial, any income tax returns for the taxable years 1998 through 2002.

In an April 14, 2004, letter, the Appeals officer advised petitioner to contact her and schedule a hearing. She also advised petitioner that he should provide her with all information he had in support of his position that his underlying tax liability was in error, and that she could not offer him a collection alternative in satisfaction of his tax liability for 1999 because he continued to fail to file his income tax returns.

On May 24, 2004, petitioner mailed to the Appeals officer a copy of a Form 1099-MISC, Miscellaneous Income, issued to

petitioner for the year 1999 from Bear, Stearns Securities Corp. (Bear Stearns) and a two-page summary in which he reported his cost bases in the stocks and bonds sold during 1999, with the exception of securities in the Bidwell Co. (Bidwell) described in the Form 1099-MISC. The Bear Stearns information petitioner presented showed cost bases for those securities purchased in 1999. Petitioner also claimed a $21,228 mortgage interest expense for the taxable year 1999 in his letter. This expense was supported by third-party documentation. Respondent did not allow this mortgage interest expense in preparing the substitute for return for 1999. In a reply letter dated June 14, 2004, the Appeals officer advised petitioner to file an income tax return for the taxable year 1999 in order to obtain credit for the cost bases he reported in his summary and for the mortgage interest expense he claimed. Also in the letter of June 14, 2004, the Appeals officer advised petitioner that she would be issuing a notice of determination, sustaining respondent's proposed lien collection action, should petitioner fail to file an income tax return for the year 1999 by June 18, 2004. Petitioner received the June 14, 2004, letter. Petitioner did not file an income tax return for 1999. On July 9, 2004, the Appeals officer attempted to contact petitioner via telephone. Petitioner did not respond.

The Appeals officer issued a notice of determination to petitioner on August 4, 2004, sustaining the proposed lien action

relating to petitioner's income tax liability for the taxable year 1999, including the liability for the additions to tax.  The Appeals officer took the position in the notice of determination that petitioner's failure to file an income tax return for the year 1999 supported the position that the proposed lien balance should be sustained and prevented her from considering the information petitioner submitted concerning his bases and mortgage interest deductions.

On September 2, 2004, petitioner filed a timely petition in this Court challenging the underlying liability for the taxable year 1999.

OPINION

Respondent's initial position is that petitioner failed to accept the notice of deficiency for 1999 which was mailed to him, and therefore he loses his right to pursue objections to the underlying tax liability in this proceeding.  Sec. 6330(c)(2)(B). Petitioner maintains he did not receive the notice of deficiency and therefore he may contest the underlying tax liability in this proceeding.  We have found as fact that petitioner did not live at either of the addresses to which the notice of deficiency was sent and that he never received it.  There was not a deliberate refusal of delivery.  These facts distinguish this case from Sego v. Commissioner, 114 T.C. 604 (2000).  While the notice of deficiency was mailed to the last known address and is valid,

petitioner nevertheless did not live at the address when the notice was mailed and did not otherwise have an opportunity to dispute the liability for 1999.  Petitioner raised the underlying tax liability before the Appeals Office and is entitled to a hearing regarding his liability for the Federal income tax in 1999.

Respondent's position regarding the underlying tax liability is that petitioner failed to raise that question properly before the Appeals Office by failing to file a Federal income tax return as requested by the Appeals officer.  We must determine whether petitioner's failure to submit an income tax return for 1999 prevents the consideration of petitioner's claims regarding his bases and interest deductions.  Our review of petitioner's tax liability under section 6330(c)(2)(B) is de novo.  See Goza v. Commissioner, 114 T.C. 176, 181 (2000) (quoting the legislative history of section 6330, H. Conf. Rept. 105-599, at 266 (1998)).

In deficiency cases, this Court has allowed deductions normally claimed on Schedule A, Itemized Deductions, to taxpayers who have not filed income tax returns.  See, e.g., Robertson v. Commissioner, T.C. Memo. 2000-100, affd. 15 Fed. Appx. 467 (9th Cir. 2001).  There are stronger reasons to permit petitioner to substantiate his bases because only the gains from the sales are gross income.  See sec. 61(a)(3).  We see no material distinction between precedent and the present case, and we will review the

evidence petitioner submitted to the Appeals Office and his testimony to determine his tax liability.

Petitioner seeks to establish his bases in assets that were sold in the taxable year. Although it would have obviously been preferable had petitioner filed a return for 1999, we find petitioner's testimony regarding his bases to be credible and to be corroborated in large part by the documentation he submitted to the Appeals Office. On the basis of our de novo review of this evidence, we find petitioner had a capital loss for the taxable year 1999 before considering the sale of Bidwell stock for $9,625. Petitioner presented no evidence regarding his basis in that stock, but the loss established by the evidence we have accepted exceeds the Bidwell sale proceeds and the $232 in interest income petitioner received in 1999. In addition, petitioner's mortgage interest deduction is consistent with documentary evidence respondent presented, and it is allowable. Accordingly, we find on the evidence before us that petitioner does not have an outstanding tax liability for 1999. On this record, there is no tax liability to collect for 1999. Therefore, respondent's collection action regarding tax and additions to tax for 1999 is not sustained.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for petitioner</u>.