T.C. Memo. 2013-150

UNITED STATES TAX COURT

CESARE GIAQUINTO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3757-11L.                    Filed June 12, 2013.

Suzanne A. Ascher, for petitioner.

Jessica R. Browde, Gerard Mackey, and Eugene A. Kornel, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Pursuant to section 6330(d), petitioner seeks review of

respondent's determination to proceed with the collection by levy of the following

outstanding assessed trust fund recovery penalties under section 6672:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

| [*2] Tax period ending | Amount owed[1] |
|---|---|
| 9/30/2006 | $11,315.88 |
| 12/31/2006 | 6,587.53 |
| 3/31/2007 | 17,638.38 |
| 6/30/2007 | 22,415.31 |
| 9/30/2007 | 24,838.26 |
| 12/31/2007 | 1,952.11 |
| 3/31/2008 | 7,868.84 |
| 6/30/2008 | 2,675.92 |
| Total | 95,292.23 |

[1]These amounts include interest accrued pursuant to sec. 6001 through July 30, 2009.

The issues for decision are: (1) whether petitioner is entitled to contest his underlying liability for the section 6672 trust fund recovery penalties for the periods at issue; and (2) if petitioner is entitled to contest his underlying liability, whether petitioner is liable for the section 6672 trust fund recovery penalties.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioner resided in New York when he petitioned this Court.

_____

[1](...continued)
Revenue Code in effect at all relevant times.

**[*3]** I.     Background

During all relevant periods petitioner resided with his wife and three children in a single-family home.  From 1996-2008 petitioner was employed as a designer for Salvadeo Associates Architects, P.C. (Salvadeo), a professional architectural firm in Staten Island, New York.  During 2008 petitioner's wife worked part time outside the home.

Salvadeo failed to pay over its withholding taxes to the Internal Revenue Service (IRS) for the periods at issue.  Revenue Officer Anto Toms twice visited Salvadeo to secure payment of the withholding taxes.  Petitioner was present during both of these visits.  The first visit was on October 11, 2007, and the second visit was on July 30, 2008.

During the second visit Revenue Officer Toms took an inventory of Salvadeo's office equipment and interviewed petitioner regarding the potential application of the section 6672 trust fund recovery penalties to petitioner.  At Revenue Officer Toms's direction petitioner completed a Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Taxes.  However, after consulting with Salvadeo's representative, petitioner refused to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

[*4] II.    Respondent's Efforts To Assess and Collect the Section 6672 Penalties

On November 4, 2008, Revenue Officer Toms sent by certified mail to petitioner's residence a Letter 1153[2] and a Form 2751, Proposed Assessment of Trust Fund Recovery Penalty. A U.S. Postal Service (USPS) employee placed a "RETURN TO SENDER" sticker on the envelope containing the Letter 1153 and Form 2751; the sticker was stamped "UNCLAIMED". The following notations appear on the envelope: (1) "NL 11/6 Kenny"; (2) "11/17"; and (3) "11/27".[3] The USPS returned the envelope to respondent on December 4, 2008.

On May 26, 2009, Revenue Officer Toms sent by certified mail to petitioner's residence Forms 3552, Notice of Tax Due on Federal Tax Return (notices of tax due). A USPS employee placed a "return to sender" sticker on the envelope containing the notices of tax due; the sticker was stamped "UNCLAIMED". The following notation appears on the envelope: "NL 5/27". The USPS returned the envelope to respondent on June 16, 2009.

---

[2]The Letter 1153 informed petitioner that (1) the IRS proposed to assess sec. 6672 penalties against him and (2) he had the right to appeal this decision to the IRS Appeals Office.

[3]The word "Kenny" is partially illegible and the date "11/27" is written over a different date, possibly "11/22".

**[\*5]** On July 30, 2009, Revenue Officer Toms hand delivered to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.

On August 13, 2009, respondent sent by certified mail to petitioner's residence a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice). On August 20, 2009, the mailing was delivered to petitioner.[4]

III.   Petitioner's Section 6330 Hearing

On August 28, 2009, petitioner timely mailed to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, seeking relief from the proposed levy and acceptance of an offer-in-compromise or an installment agreement as a collection alternative. On November 3, 2010, Settlement Officer Gilbert Breitberg mailed a letter to petitioner, scheduling a face-to-face conference with petitioner and petitioner's counsel. Settlement Officer Breitberg conducted a face-to-face conference with petitioner and petitioner's counsel on December 15, 2010, in respondent's Manhattan Appeals Office. During the conference petitioner, petitioner's counsel, and Settlement Officer Breitberg discussed collection alternatives, but petitioner did not agree to provide a Form 433-A or a

---

[4]In his petition and pretrial memorandum petitioner denied receiving the lien notice. However, petitioner did not pursue this issue at trial or on brief, and the record shows that the lien notice was in fact delivered to petitioner's address.

**[*6]** Form 433-B, Collection Information Statement for Businesses. Petitioner and petitioner's counsel also attempted to dispute petitioner's underlying liability, arguing that petitioner had not had a prior opportunity to challenge his underlying liability.

On January 14, 2011, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy. The Appeals Office attached to the notice of determination a statement that Settlement Officer Breitberg prepared, explaining that the proposed levy action was sustained because petitioner (1) had offered no collection alternatives and (2) had had a prior opportunity to dispute the underlying liability.

OPINION

I.     Section 6672 Trust Fund Recovery Penalties

Section 6672 imposes a penalty for willfully failing to collect, account for, and pay over income and employment taxes of employees. Section 6672 penalties are commonly known as trust fund recovery penalties and are assessed and collected in the same manner as taxes against a person who is "an officer or employee of a corporation * * * who as such officer, employee, or member is under a duty to perform" the duties referred to in section 6672. Sec. 6671(b).

**[*7]** Such persons are referred to as "responsible persons", and the term may be broadly applied. Mason v. Commissioner, 132 T.C. 301, 321 (2009).

Petitioner contends that he is not liable for the section 6672 trust fund recovery penalties because he was not a responsible person who willfully failed to pay over the withholding taxes of Salvadeo. However, we can reach this issue only if we decide that petitioner was entitled to contest his liability for the section 6672 penalties during the section 6330 hearing.

II.      Section 6330 Hearings

The Secretary[5] is authorized to collect tax by levy upon the taxpayer's property if any taxpayer liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment. Sec. 6331(a). Section 6330(a) requires the Secretary to send written notice to the taxpayer of the taxpayer's right to request a section 6330 hearing before a levy is made. If the taxpayer makes a timely request for a hearing, a hearing shall be held by the IRS Office of Appeals. Sec. 6330(b).

At the hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection

---

[5]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

**[*8]** action, and collection alternatives, such as an installment agreement. Sec. 6330(c)(2)(A). Additionally, the taxpayer may contest the validity of the underlying tax liability, but only if the taxpayer did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). A taxpayer has the opportunity to dispute his or her liability for a trust fund recovery penalty when he or she receives a Letter 1153. Mason v. Commissioner, 132 T.C. at 317-318; see also Lewis v. Commissioner, 128 T.C. 48, 61 (2007); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. (providing that an opportunity to dispute liability "includes a prior opportunity for a conference with Appeals"). However, unless the taxpayer deliberately refuses to accept its delivery, a Letter 1153 will be considered as having provided a prior opportunity to dispute liability for the underlying trust fund recovery penalty only if it is actually received. Mason v. Commissioner, 132 T.C. at 318.

Following a hearing the Appeals Office must issue a notice of determination regarding the appropriateness of the proposed levy action. The Appeals Office is required to take into consideration: (1) verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed collection

[*9] action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3); Wadleigh v. Commissioner, 134 T.C. 280, 287-288 (2010).

We have jurisdiction to review the Appeals Office's determination.[6] Sec. 6330(d). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax liability is not properly at issue, we review the Appeals Office's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

---

[6]Pursuant to the Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855, 120 Stat. at 1019, which applies to determinations made after October 16, 2006, we have jurisdiction to review the Commissioner's collection determinations with respect to any type of underlying tax, including trust fund recovery penalties. See Ginsberg v. Commissioner, 130 T.C. 88, 91-92 (2008). Because the determination in this case was made after October 16, 2006, we have jurisdiction to review respondent's determination to proceed with the collection of the trust fund recovery penalties.

**[\*10]** III.   Whether Petitioner Can Contest His Liability for the Section 6672 Penalties

Petitioner contends that he was entitled to contest his liability for the section 6672 trust fund recovery penalties during the section 6330 hearing because he never received the Letter 1153 that Revenue Officer Toms sent to him by certified mail on November 4, 2008.[7]

We have held that, unless the taxpayer deliberately refuses to accept its delivery, a Letter 1153 will be considered as having provided a prior opportunity to dispute liability for the underlying trust fund recovery penalty only if it is actually received. Mason v. Commissioner, 132 T.C. at 318. We must decide, then, whether petitioner's failure to claim delivery of the Letter 1153 was deliberate.

---

[7]The Commissioner is required to provide the taxpayer with notice of trust fund recovery penalties before assessment. Sec. 6672(b)(1). A Letter 1153 provides a taxpayer with sec. 6672(b) notice and the means of protesting a proposed trust fund recovery penalty assessment administratively with the Commissioner. Mason v. Commissioner, 132 T.C. 301, 317 (2009). When a Letter 1153 is mailed, the Commissioner must follow mailing procedures that are similar to those provided for notices of deficiency in sec. 6212(b). Sec. 6672(b)(1). We have held that the Commissioner can establish that a Letter 1153 was sent to a taxpayer's last known address, see sec. 6212(b), with documentary evidence, Mason v. Commissioner, 132 T.C. at 318. Respondent has established that a Letter 1153 was sent to petitioner's last known address, as required by sec. 6672(b)(1).

[*11] Paul Philips, a USPS employee, testified with respect to the procedure that USPS employees follow when they attempt to deliver an article of certified mail and no one is at the address to receive the article. According to Mr. Philips, the USPS employee would (1) complete a USPS Form 3849, Delivery Notice/Reminder/Receipt; (2) place the USPS Form 3849 in the place where the recipient ordinarily receives his or her regular mail; and (3) bring the article back to the delivery station where it can be claimed. If the recipient does not claim the item within five days, a USPS employee would complete another USPS Form 3849 and deliver it with the regular mail. If the recipient fails to claim the item after another 10 days have passed, the article would be returned to the sender. Mr. Philips further testified that the notations on the envelope that contained the Letter 1153 indicate that one or more USPS employees (1) attempted to deliver the Letter 1153, and left a USPS Form 3849 for petitioner, on November 6, 2008; (2) left a second USPS Form 3849 for petitioner on November 17, 2008; and (3) returned

**[*12]** the article to the IRS on or around November 27, 2008.[8] Petitioner testified that he never received any of the USPS Forms 3849.

Where the Commissioner has shown that he properly sent the appropriate notice to a taxpayer by certified mail and that the mail carrier left USPS Forms 3849, we have sometimes found that the taxpayer's failure to claim delivery of the certified mail was deliberate. Compare Campbell v. Commissioner, T.C. Memo. 2013-57, at *15, Crain v. Commissioner, T.C. Memo. 2012-97, 103 T.C.M. (CCH) 1533, 1536 (2012), Rivas v. Commissioner, T.C. Memo. 2012-20, 103 T.C.M. (CCH) 1131, 1134 (2012), and Cyman v. Commissioner, T.C. Memo. 2009-144, 97 T.C.M. (CCH) 1813, 1816-1817 (2009), with Mason v. Commissioner, 132 T.C. at 318-319, Morris v. Commissioner, T.C. Memo. 2012-217, 104 T.C.M.

---

[8]It is unclear whether the USPS Forms 3849 identified the sender. Mr. Philips testified that a USPS Form 3849 does not contain any information identifying who sent the article of certified mail unless the individual carrier decides to note the name of sender. Previous versions of the USPS Form 3849 supposedly did not indicate the identity of the sender. See Honts v. Commissioner, T.C. Memo. 1995-532, 70 T.C.M. (CCH) 1256, 1258 (1995). But see Wilson v. Commissioner, T.C. Memo. 1997-515, 74 T.C.M. (CCH) 1208, 1209 (1997) ("The [USPS] Form 3849 usually indicates the identification of the sender."). However, we recently observed that the current version of the USPS Form 3849 does indicate the identity of the sender. See Campbell v. Commissioner, T.C. Memo. 2013-57, at *3 n.2; see also United States Postal Service, About, Forms, Revised PS Form 3849, http://about.usps.com/postal-bulletin/2009/pb22268/html/updt1_015.htm (last visited Mar. 22, 2013) (containing a "Sender's Name" field).

**[*13]** (CCH) 125, 126 (2012), and Swanton v. Commissioner, T.C. Memo. 2010-140, 99 T.C.M. (CCH) 1576, 1579 (2010). No single fact or circumstance is dispositive. Rather, where we have found that the taxpayer's failure to claim delivery of the certified mail was deliberate, we have done so because we found the taxpayer's account of what happened not to be credible.

The record shows that petitioner was fully aware that respondent was considering whether to assert section 6672 trust fund recovery penalties against him. See Cyman v. Commissioner, 97 T.C.M. (CCH) at 1816 (noting that the taxpayer knew that his returns were under examination). Petitioner has offered no plausible explanation for not responding to two USPS Forms 3849 that the mail carrier presumably left for him with respect to the Letter 1153 that Revenue Office Toms sent by certified mail to him on November 4, 2008. Cf. Sherer v. Commissioner, T.C. Memo. 2006-29, 91 T.C.M. (CCH) 759, 761 (2006) (notices of deficiency not deliberately refused where taxpayer showed that he did not reside at that address). Petitioner also either ignored or failed to claim at least one, and possibly two, USPS Forms 3849 that the mail carrier presumably left for him with respect to the notices of tax due that Revenue Office Toms sent by certified mail to him on May 26, 2009. Cf. Mason v. Commissioner, 132 T.C. at 318-319 (finding that Letter 1153 was not deliberately refused where the taxpayer, during

**[*14]** the prolonged course of her dealings with the Commissioner, accepted and responded to numerous other notices and documents). We, therefore, find that petitioner's account of what happened is not credible and that petitioner deliberately failed to claim delivery of the Letter 1153.[9] Accordingly, we conclude that petitioner was precluded from contesting his liability for the section 6672 trust fund recovery penalties during the section 6330 hearing. See Mason v. Commissioner, 132 T.C. at 317-318.

Because we conclude that petitioner was precluded from contesting his liability for the section 6672 penalties during the section 6330 hearing, we lack jurisdiction to consider whether petitioner is liable for the section 6672 penalties. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 609.

Petitioner has not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the levy was arbitrary, capricious, or without sound basis in fact. Petitioner did not submit a Form 433-A or any other financial information during the section 6330 hearing,

_____

[9]Petitioner contends that he had no reason to avoid or refuse any mailing from the IRS that would have given him the opportunity to contest the sec. 6672 trust fund recovery penalties. Our cases, however, are replete with instances where taxpayers thought that ignoring or refusing mail from the IRS would make their tax problems disappear. See, e.g., Sego v. Commissioner, 114 T.C. 604, 609 (2000); Campbell v. Commissioner, T.C. Memo. 2013-57; Crain v. Commissioner, T.C. Memo. 2012-97; Rivas v. Commissioner, T.C. Memo. 2012-20.

[*15] nor did he offer a reasonable collection alternative. The Appeals Office determined that the requirements of applicable law and administrative procedure were met and concluded that the proposed levy appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the levy action. Accordingly, we hold that the Appeals Office did not abuse its discretion in upholding the proposed levy action.

We have considered the parties' remaining arguments and, to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.